UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-00247-JLS-DFM                                     Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                              Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10)

Before the Court is a Motion to Remand filed by Plaintiff Sabrina Dakak. (Mot., Doc. 10.) Defendant Fidelity Security Life Insurance Company opposed. (Opp., Doc. 13.) Plaintiff replied. (Reply, Doc. 14.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for May 24, 2019, at 10:30 a.m., is removed from the calendar. For the reasons given below, the Court GRANTS the Motion and REMANDS the action to Orange County Superior Court, Case No. 30-2018-01040795-CU-IC-CXC.

## I.   Background

Plaintiff, a California resident, purchased a disability insurance policy (the "Policy") from Defendant, a Missouri corporation. (Compl., Doc. 1-1 ¶¶ 2-3, 6.) The Policy became effective February 1, 2017. (*Id.* ¶ 6.) Plaintiff submitted a claim to Defendant on January 25, 2018, which she updated on March 23, 2018, seeking benefits under the Policy for the term of January 30, 2018 to April 2, 2018. (*Id.* ¶ 7.) On June 7, 2018, Defendant agreed to coverage only for the term of February 3, 2018 to March 16, 2018. (*Id.* ¶ 8.) After multiple rounds of back-and-forth, during which Plaintiff attempted to submit further evidence of her entitlement to benefits through April 2, 2018,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00247-JLS-DFM                               Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

Defendant confirmed denial of additional benefits in a December 13, 2018 letter. (*Id.* ¶¶ 9-14; Claim Determination Letter, Ex A. to Compl.)

On December 27, 2018, Plaintiff filed this action in Orange County Superior Court alleging two state-law causes of action: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 15-26.) Plaintiff seeks: (1) benefits due under the Policy; (2) general, special, and consequential damages; (3) punitive damages; (4) and attorneys' fees and costs. (*Id.* at 5.) The Complaint does not specify any amount of damages sought.

On February 7, 2019, Defendant removed the action to this Court. (Notice of Removal, Doc. 1.) The Notice of Removal asserts diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 4.) On February 14, 2019, Plaintiff's counsel and Defendant's counsel met to discuss the issue of damages vis-à-vis jurisdiction and Plaintiff's anticipated filing of this Motion. (McNamara Decl., Doc. 13-1 ¶ 2; Davis Decl., Doc. 14-1 ¶ 2.) During that meeting, Plaintiff's counsel identified Plaintiff's breach of contract damages as $1,866.67. (Davis Decl. ¶ 2.) Plaintiff's counsel also noted $3,733.33 in potential breach of covenant damages and $55,550 in potential attorneys' fees. (*Id.*) Plaintiff's counsel provided all three figures on a chart. (Damages Chart, Doc. 15-1.) Defendant's counsel attests that Plaintiff's counsel presented the chart as an "estimate" of damages. (McNamara Decl. ¶ 2.) Plaintiff's counsel attests that the breach of covenant damages and attorneys' fees figures presented in the chart were merely speculative and intended only to illustrate the unlikelihood that the amount in controversy exceeds $75,000. (Davis Decl. ¶¶ 2-3.)

Plaintiff filed the instant Motion on March 8, 2019 seeking remand to state court. (Mot.)

## II.  Legal Standard

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00247-JLS-DFM                                              Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (internal quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (internal quotation marks omitted).

### III.  Discussion

There is no dispute regarding the diverse citizenship of the parties. The sole dispute is whether the amount in controversy exceeds $75,000. Defendant argues that attorneys' fees are available by operation of law, and therefore in controversy, per *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985), in which the California Supreme Court held that that attorneys' fees are recoverable as consequential damages in consumer actions against insurers for breach of covenant of good faith and fair dealing. (Opp. at 11.) Defendant further argues that such *Brandt* fees may be included in base compensatory damages when determining an appropriate multiplier for punitive damages, per *Nickerson v. Stonebridge Life Ins. Co.*, 63 Cal. 4th 363, 368 (2016). (Opp. at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00247-JLS-DFM                                             Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

Applying these doctrines to meet its burden regarding the amount in controversy, Defendant relies on the following calculation: $1,866.67 (breach of contract damages) + $3,733.33 (breach of covenant damages) + $55,550 (attorneys' fees) = $61,100 total non-punitive damages. Thus, Defendant avers, "[e]ven a punitive damages award of a one-to-one ratio brings the amount in controversy within the jurisdictional amount." (Opp. at 12-13.)

      Plaintiff concedes that *Brandt* fees are at issue and that punitive damages may be available by up to a nine-to-one ratio to compensatory damages, per *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003). (Mot. at 4-5.) Moreover, Plaintiff does not contest that *Nickerson* applies and therefore *Brandt* fees may be included as compensatory damages when calculating a punitive damages ratio. Rather, Plaintiff argues that Defendant is not entitled to rely on Plaintiff's counsel's presentation of breach of covenant damages or attorneys' fees for amount-in-controversy purposes because such figures were mere speculation intended only to illustrate the unlikelihood that the amount in controversy exceeds $75,000. Indeed, Plaintiff's counsel attests that the figure of $55,550 in attorneys' fees "was not an estimate of attorney fees that will be incurred but was instead a purely speculative amount that . . . had no basis, either in case law or the prevailing attorney fee rates that are approved by courts in this jurisdiction." (Davis Decl. ¶¶ 2-3.) Plaintiff concedes, however, that the $1,866.67 figure presented in the chart accurately reflects the actual breach of contract damages at stake. (Mot. at 4.)

      Discounting the chart, Plaintiff argues that Defendant fails to supply any real evidence sufficient to support removal and that Defendant's amount-in-controversy calculations are based only on speculation and conjecture. (Mot. at 5; Reply at 2.) Plaintiff asserts that this case is akin to *E2 Fashion, Inc. v. Catlin Special Insurance Co.*, 2019 WL 582067 (C.D. Cal. Feb. 12, 2019). (Mot. at 5-6; Reply at 3.) There, noting evidence that the plaintiff had incurred only $1,065.78 in compensatory damages, the court reasoned that the "[d]efendants must rely on general damages (i.e. pain and suffering, lost wages, emotional distress, etc.), punitive damages, and attorneys' fees to reach the amount in controversy requirement." *E2 Fashion*, 2019 WL 582067, at *2. However, the court found that the "[d]efendants ha[d] provided no direct evidence on

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00247-JLS-DFM                                    Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

such damages" and "the [c]ourt would merely be speculating if it were to estimate such damages." *Id.* Accordingly, the court concluded that, "[w]hile an award of attorneys' fees setting the amount in controversy over $75,000 is possible, it is not 'more likely than not.'" *Id.*

Plaintiff also points to *Gonzalez v. General Insurance Co. of America*, 2019 WL 698057 (E.D. Cal. Feb. 20, 2019), which, like this case, also concerned the inclusion of *Brandt* fees in calculating the amount in controversy. (Mot. at 6; Reply at 3.) There, the defendant used plaintiff's counsel's asserted billing rate to estimate the amount of attorneys' fees plaintiffs would incur prosecuting the action. *Id.* at *2. The court rejected such calculations as "merely speculative" absent supporting evidence. *Id.* at *3.

Defendant attempts to distinguish these cases by arguing that the damages figures provided by Plaintiff's counsel constitute actual evidence of such damages rather than mere speculation. (Opp. at 13-14.) Considering a lack of corroborating evidence and Plaintiff counsel's contradictory declaration, however, the Court finds that such figures carry little evidentiary weight. Although the Court is generally inclined to hold parties and counsel to their representations, the purported damages figures were not offered in a pleading, interrogatory response, statement of damages, brief, or other form indicating Plaintiff's official position on a point in dispute. To the contrary, nothing in the record suggests that the figures in the chart are anything more than Plaintiff's counsel attests them to be: figures pulled from thin air to frame the parties' disagreement over whether the amount in controversy exceeds the jurisdictional minimum. Legal negotiation is rife with speculative hypotheticals used to illustrate points to one's adversary. Defendant now asks the Court to rely on such hypothetical as fact. But only facts are facts, and Defendant provides none here to support its calculation of *Brandt* fees.

Without persuasive evidence supporting an estimate of *Brandt* fees, Defendant is left to rely on only the $1,866.67 in breach of contract damages, $3,733.33 in breach of covenant damages, and any evidence of punitive damages to reach the jurisdictional minimum. But these amounts do not clear the bar. First, although Plaintiff's briefing focuses primarily on disclaiming the *Brandt* fees shown in the chart, Plaintiff's counsel likewise disavows the $3,733.33 figure as an actual estimate of breach of covenant damages. (Davis Decl. ¶ 2.) Moreover, absent evidence of why a certain punitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:19-cv-00247-JLS-DFM                                           Date: May 23, 2019
Title: Sabrina Dakak v. Fidelity Security Life Insurance Company et al.

damages multiplier would likely apply in this case, any estimate of punitive damages—even a modest estimate—is purely speculative. *See Gonzalez*, 2019 WL 698057, at *3 ("[T]he Court 'has not been presented with any facts that would support an award of punitive damages in this case. Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money . . . Merely stating that a complaint seeks punitive damages, which may ultimately be a large sum of money, does not satisfy Defendant's burden." (quoting *Conrad Associates. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998)). Regardless, even assuming $3,733.33 in breach of covenant damages in addition to the $1,866.67 at stake for breach of contract, and even further assuming that a nine-to-one punitive damages ratio applies, such generous, unsupported assumptions would still place only $56,000 in controversy.

      Accordingly, Defendant fails to meet its burden to show that the amount in controversy exceeds $75,000.[1]

## IV.    Conclusion

      For the foregoing reasons, Plaintiff's Motion is GRANTED and the action is REMANDED to Orange County Superior Court, Case No. 30-2018-01040795-CU-IC-CXC.

                                                                              Initials of Preparer: tg

---

[1] As further "evidence" that the amount in controversy exceeds $75,000, Defendant's counsel attests that Plaintiff refused to stipulate to limit her recovery to $75,000. Defendant cites no law, however, for its argument that Plaintiff's refusal to stipulate to a damages ceiling is somehow probative of the actual amount in controversy. (*See* Opp. at 6, 11.) Indeed, courts routinely reject this specious argument. *See, e.g.*, *Gonzalez*, 2019 WL 698057, at *4; *Daley v. Walmart Stores, Inc.*, 2018 WL 3104630, at *4 (C.D. Cal. June 21, 2018); *Rosen v. Evanston Insurance Co.*, 2016 WL 4702435, at *2 (E.D. Cal. Sept. 8, 2016); *Conrad*, 994 F. Supp. at 1199 ("[S]ince a defect in subject matter jurisdiction cannot be stipulated to or waived, attempting to force the plaintiff to enter a stipulation regarding the potential amount of damages would serve no effect in determining the actual amount in controversy at the time of removal.").